Good morning, your honors. May it please the court. The claim in this case isn't zero. It can't be zero. The uncontroverted facts are that the debtor signed a note and a deed of trust for $65,000. He got an additional $6,500 and they- Mr. Furman, this is Judge Spraker. Can I jump in? Yes. This has bothered me about the case. You're right. It's not zero, but you didn't- You filed a proof of claim for $160,000 based upon $140,000 of principal and $22,000 or so of interest. One, it doesn't- well, one, that wasn't a judge's decision. The judge's decision said ICI didn't have any claim. And that's really the only thing before the court, isn't it? I'm not sure I understand your question. The judge says the claim is- she said the claim was zero. She said it belonged to Paladin. That ICI's claim was zero because it belonged to Paladin. Right? I didn't read her decision that way. She got off on, I think, a side road about- and she doesn't say the real party in interest, but she said, well, this is really Paladin. But that's not correct. That's not a correct ruling. For one thing, the assignment of the deed of trust and the assignments all track from home savers to TTR to my client investment consultants all track. We have recorded assignments. And so, the recorded deed of trust controls. Also, this was originally investment consultants deal. When it came time to actually fund it, as he testified clearly, Mr. C.P. Fisher, who is the principal of investment consultants, said he didn't have the funds. And because there was an imminent foreclosure, he asked Mr. Bose if he could advance the funds to do this deal, which Mr. Bose through Paladin did. Can I ask a question? Because that's the piece of this that I have the most concerns about, what you just said. So, Mr. Bose, who was an attorney of the people who are borrowing the money, is advancing the money, isn't that taking an interest adverse to a client in contravention of rule of professional conduct 3300? No, I don't think it is, Your Honor. And the reason the minute details are that, one, Mr. Bose's representation of the debtor ceased when the Chapter 13 case was dismissed. Secondly, he didn't loan them any money. He bought, or not he, but investment consultants bought a note, which is negotiable paper under Article 3. It's a negotiable instrument. Investments bought a note and a deed of trust and recorded the assignment of the deed of trust. Mr. Bose through Paladin, or actually they're not even the same entity, Mr. Bose owns Paladin, but Paladin advanced the funds to investment. So, neither Mr. Bose or Paladin was also getting the interest payments, correct? Correct. Go ahead, Mr. Judge Breaker, go ahead. I was just wondering, the record seems to indicate that ICI has never paid Paladin for the loan to loan. That's correct, he has not, but the debt is still owed. Well, but did Mr. Bose ever disclose this to the debtors? I disclosed it. He had an interest? No. All right, but it seemed to be a result of the claims hearing. Yes, they know now. They know now, they've known for a while because one, they took the money to Mr. Bose's office, that's where they made the payments, and two, the 1099s were, not 1099s, excuse me, were issued by Paladin. How do they know who Paladin is? We're getting off topic, I wanted you to get back to it, but I think you're gathering from these questions, this is concerning. I understand, Your Honor, this is one of those situations where no good deed shall go unpunished, and it looks bad if you look at the surface, but if you look at the totality, I don't think it is, and one, he ceased being their attorney when the case was dismissed. Well, maybe, did he actually terminate the representation at that point, and didn't he tell them that this was the way to go to find somebody to buy that second mortgage while the case was pending? Didn't this all get underway while he was clearly their counsel of record? He indeed told them that they, in his opinion, and I'm paraphrasing, that he didn't think that they could make this case work, that they couldn't afford to do this, and so that the best way out of it, because they lost or stipulated for adequate protection on a relief from stay hearing, that their only chance to save this house, and this is correct in my opinion, the only chance to save that house was if somebody came and bought the second and made a new deal with them. They were looking down the barrel of a foreclosure. They couldn't fund a 13, either the first one in 2014, nor the second one because they didn't have the income, and the debt to this second deed of trust was too high so that they could not afford it. They were going to lose their house, so he I think what we're all kind of saying here is, at least in my view, there may be a way in which this claim turns out to be zero because Mr. Bowes engaged in this business transaction with his client, or his former client, depending on how you look at it, and did it in a way that they had no way of knowing he was involved, let alone complying with the rules of professional conduct that relate to a transaction like that. Now, that's not what the bankruptcy judge did here, but the three of us, I think, all share the same concern about what this deal was all about based on Mr. Bowes' involvement. Not that it was badly intended, but the rules of professional conduct have certain requirements you've got to follow if a lawyer is going to do a deal like this. That's an observation, not a question. I'm sorry. I'll comment on the court's observation. That is clear that if you're going to make a deal, loan your client money, in essence, you have to make the disclosures under 3-300. One, his representation, I think, clearly terminated. Two, investment consultants did the deal, and Mr. Bowes or investments owes Mr. Bowes the money, and ultimately, this deal was designed to and did, in fact, save the debtor's house. They were going to lose their house in four days or something like that. I forget the exact testimony, but they were within days of losing their house. This is a former attorney, not their attorney. They retained him to file a Chapter 13. Once the Chapter 13 case is dismissed, I believe under California law that the representation terminates. He was their former attorney. Why was he then procuring a loan? He wasn't procuring a loan. He was the one that contacted ICI. He's the one that told them ICI will do it. Yes, but there was no loan to the debtor, and I think this gets lost in this case. There was no promissory notes, a negotiable instrument. ICI went and purchased. Where's the promissory note in this? That's another problem. I thought this was a home equity loan. It is a home equity loan, but their loan agreement, I believe, qualifies as a promissory note. I doubt it's a negotiable instrument, but it's probably some sort of payment device would be bought and sold under Article 9 and not freely transferable under Article 3. We're taking it down a whole path of commercial law. We don't necessarily need to go down. It may indeed be under Article 9, but the fact is that's what got purchased. The debtors weren't loaned any money. My client purchased a note or a loan agreement and a deed of trust. They didn't loan the debtors any money. Mr. Bost didn't loan the debtors any money. Do you agree, then, that I know you're at five minutes. I'll just ask a question. You can decide if you want to answer it now or reply. Do you agree, then, getting back to your original point, that ICI does not have a claim based upon a $140,000 principle? The principle, and this is somewhat semantic, but the principle amount of the loan is $72,000. At the time that my client bought it, the interest and the principle was $140,000. There were two claims which were deemed allowed because they weren't objected to, and there was a relief from ICI that set forth that amount or approximately that amount. The debt was, at the time my client purchased it, approximately $140,000. The debtors made interest-only payments, and then they stopped, and so that's how we came up with $163,000. Even if you say, look, there should have been some credit, at least half of the payments of $15,000 should have been credited to the principle, the claim in this case is still $117,000 to $90,000, and it's certainly not zero. I'd like to reserve my remaining time. Thank you very much. All right. Ms. Isakson. Good morning, Your Honors. If it pleases the Court, Misty Perry-Isakson on behalf of the Applees, Francisco Ramirez, and Aurora Barajas. This is an appeal about whether the Court properly disallowed in its entirety a proof of claim that was filed by ICI. The debtors objected to the proof of claim for a number of reasons, one being inaccuracies in the 410 attachment to the proof of claim, because these are individuals and this is a loan that is attached to the debtor's primary residence. In addition to the fact that upon numerous requests, pre-petition and post-petition, the debtors never obtained a full accounting from ICI. Appellant here argues that... Let me clarify one thing real quick. You never really objected on the basis that ICI was the wrong creditor, did you? That's not an issue that you raised, was it? You are correct, Judge Ferris. We did not raise that issue. Okay. Ms. Isakson, can I ask a question that... What did the Court actually decide? What was its ruling? I believe that the Court's decision was that the claimant failed to accurately detail its claim, and therefore there was not sufficient evidence before the Court to determine what that amount is. Appellant will argue and has argued that there was a note and deed of trust, there was some money owed, that there was something owed, and because there was something owed... That's not what the Court really ruled. Part of the problem is figuring out what it ruled, because in temporal proximity, the last thing that she was very clear about was that ICI was not to claim it. And she makes the statement, it's without prejudice, and she's clear that the right claimant can come in and file a claim, but it better be less than the amount stated for the reasons that you're saying. But she didn't really get to what the disallowed amount was. Isn't she really denying the claim or disallowing the claim as not being I think that may have been part of Judge Bauer's decision, but I think if you look at our brief, I think it's aligned with the Brown case that we talk about, where the claimant's documents and attachments and evidence attached to that proof of claim were so inaccurate and faulty that the Court disallowed the claim in the entirety because the claimant has the burden to prove the amounts in the claim. But you're asking us to do that. You're basically asking us to review the record in full and saying... Because you're not really arguing that ICI is the wrong creditor, from what I'm hearing. ICI is the creditor who the assignment of the note from TTR was recorded. I believe that in reality, ICI is a straw company that debtor's former counsel used to effectuate the deal in purchasing his client's second deed of trust. That may be the reality, but that's not really your concern unless you attack it from the ethical responsibilities that we've raised a concern about, but clearly it was not raised in front of the Bankruptcy Court. I did not raise before the Bankruptcy Court that ICI was not the proper party. All right. So really, it sounds that I don't want to put you too much on the spot, but you would like us to look at the substance of that evidence that was presented and make our decision as the sufficiency of it. And I believe that Judge Bauer did do that. At the end of or Paladin, but I think ultimately the decision was that because the information was inaccurate in the proof of claim, and we talked at length about the attachment to the proof of claim and the principal balance number and Mr. Furman as counsel for the appellant who had admitted that the proof of claim had inaccuracies, that those numbers were inaccurate. But your client has also stipulated that there was at least draws of the IRS to the prior and the fees for the home equity loan and then an additional $6,500 to get to that $50,000 range. I mean, so why would it be disallowed in full? Correct. And our argument, Your Honor, is that if the claim, the payments that were made by the debtors were properly applied, and if we had an accounting with proper calculations, that the amount owing would have been significantly decreased and would not have been the $163,000 that appellant claims is owed. In fact, what you can see in the transcript of the trial is that when you take the amount of the proof of claim, the $140,000 principal, what in effect the debtor's former counsel was doing was capitalizing on the principal and interest in charging the debtor's interest on $140,000, which in effect is about 25% interest on the principal. So the proof of claim was completely and totally inaccurate as it was filed. The claimant had the burden to rectify those problems. The case was going for a number of months, close to a year when we finally got to trial. There was no amendment, no revisions to the proof of claim to correct those problems. So would it be your argument that the proof of claim is presumably allowed, but as soon as you produce evidence that it's not correct, the burden shifts to the claimant to provide that evidence, and if they don't provide that evidence, the claim is disallowed? Is that kind of the gist of what you're saying? I think that that is what the Ninth Circuit has said. The burden shifts, and the claimant then has the burden to prove the numbers in the proof of claim or the validity of that proof of claim. And saying, well, it's not zero is not sufficient. There has to be evidence of a specific amount, and if there's no evidence of a specific amount, the amount is zero. In this circumstance, I definitely believe that to be the case, and recall that the judge disallowed the claim without prejudice. Which raises my next question. Why is this a final order? It's like a dismissal of a lawsuit without prejudice. That's generally not a final, appealable order. Is it final as to the entity asserting the claim? Without prejudice to someone else. Then we come back to what was ruled. If this isn't a final order of the court, then this case cannot be completed. As it stands right now, the claim is disallowed. The trustee is making disbursements in this Chapter 13, and in the current state, it will complete and obtain a discharge if the debtors complete the order. The order disallowing the claim was a final claim that this court can review. Then the question becomes, what happens if somebody files an amendment to the timely filed proof of claim with the appropriate backup? Then what? Then my client has the opportunity to finally reconcile the accounting. That's what I had requested prior to the petition filing for a year. I wanted to see the accounting so that I could reconcile the amounts owing. My clients don't deny that they entered into the Note-in-Deed of Trust, but the accounting was so horrific and horrendous, or lacking entirely, that we couldn't determine what the claim is. How can my clients propose a Chapter 13 plan that cures the rearage when we have no clue? The creditor has no clue what that amount is. Well, they have the document they produced for the first time after the lunch break, right? Correct, which was not admitted into evidence. The egregious actions of what happened are horrible for my clients, but really it comes down to math, as I indicated to Judge Bauer. The math does not work, and the claimant had the duty and the responsibility to clarify the math issue. They failed to do so, and therefore their claim was disallowed. We submit that that was a proper ruling by Judge Bauer. I don't have any questions. Okay. Counsel for the appellant continues to comment about no good deed goes unpunished, and I just have to respond to that. No good deed goes unpunished. Debtor's prior counsel, Mr. Bowes, his intentions for this loan to assist his clients in the good deed put money in his own pocket. He was charging, again, his clients 25 percent on a loan because he capitalized on the interest. That's certainly one interpretation. Another interpretation is he just got it wrong. He looked at TTR's proof-of-claim calculation in the first bankruptcy, took that total, used that as principle, calculated the same interest going forward, and applied that. That seems to be consistent with the testimony of Mr. Fisher, Mr. Furman, Mr. Bowes, to a certain extent. It does seem, and this is more an observation to use a line from Judge Ferris, that there's a fundamental misunderstanding of what happened upon that loan. Once you get that, this is a mathematical application of the principle. You're asking us to disallow a claim to which your client admits the principle of around $50,000 was owed. Isn't that a problem? My client admits that the $50,000 was owed when the loan was funded back in 2007. They've made interest-only payments except for when that interest was doubled in light of this ICI loan. They made interest-only payments, and then they increased those interest-only payments by double. But you say that like that is dispositive. There was a number of years where they didn't make any payments. Correct. My clients do not deny that as well, Your Honor. Again, we go back to the final fact is that if those numbers were wrong and it was an accidental error on the part of the client, why didn't they do that? They had a year. They could have come to the trial and said, we're very sorry. We misapplied the payments, and this is what the numbers are. But they've never done that. We don't know what the numbers are. The court doesn't know what the numbers are, and that's why it's appropriate to disallow the claim. The court can't pick a number out of the sky and say, well, I think, based on the way I feel today, that the claim should be $50,000. The claimant had the burden and failed. I have nothing further, Your Honors, if you have any further questions. I have none. Thank you, Your Honor. Thank you. All right. Thank you. Thank you for your arguments. All right. Mr. Furman, you have two minutes and 20, no, you have three minutes and 24 seconds. Thank you, Your Honor. Yes, it's horrific that the debtors were able to save their house and not get foreclosed on back in 2015. So ultimately, they saved their house. They're still living in their house today. The claim doesn't get to zero. Essentially, notwithstanding what they said and their evidence is very weak on that, they signed a note and deed of trust for $65,000. They got another $6,500 or $6,400. Then they don't make a payment for seven years. Well, when you don't make a payment for seven years, the balance on your mortgage goes up. So $140,000 was a properly calculated claim at the time of their last case. How can that be, though, Mr. Furman? Because the testimony was pretty clear that that's a result, and it's a result of the capitalization of the interest and fees that TTR was owed, and that was just rolled into a principle which the testimony was uniform was not appropriate. I agree that... $140,000 is not the principle. However, if you add the principle and the missed interest, that gives us $140,000. If you credit the payments of 1515 for the time that they made them and say half of that should have gone to principle, you're still at $117,200. They didn't make any payments. The problem that Ms. Isaacson is saying is you and your client filed a claim for $160,000. You did not prove, and ICI did not prove, a claim for $160,000. That was the issue. That was the claim. You failed to substantiate that. You lose. Why should this court recalculate that amount? Well, Your Honor, I think at a minimum, this court should remand this case for further proceedings, and the section 502 says that the court shall determine the amount of the claim, and it's clearly not zero. It can't be zero. Even they don't contend that it's zero, so at a minimum, the court should remand the case for further hearings. Also, the court... Would that be for further evidentiary hearings or for evaluation of the record on appeal and having the bankruptcy court make its determination upon that fixed record? Obviously, I prefer for further evidentiary hearings, but this, as the court said, is a mathematical problem and remanded for working out the math. It is indeed a mathematical problem. Unfortunately, I am not very good at math, and I became a lawyer because I wasn't good at math, and I suspect I'm not the only one, but... We're all nodding here. You are not. You are not. Even on the phone. Who's bad at it? One last point that I'd like to make, I know I'm running out of time, is that the court focused on the fact that there was no writing between Greg Bose and ICI. They've known each other for 35 years. It was a handshake deal. Million dollar deals are made on all the time. I don't think a writing is required, and I would ask that the court reverse the bankruptcy court and remand this for, at a minimum, further calculation. All right. Well, thank you very much, both of you, for your good arguments. This will be taken under submission, and I hope that the next time we see the two of you, it is in a courtroom in the same room, but if not, we'll keep doing it this way.
judges: Taylor, Faris, Spraker